UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

DOMINIC WILLARD                           CIVIL ACTION NO.

VERSUS

ALLSTATE INSURANCE COMPANY

## ANSWER

NOW INTO COURT, through undersigned counsel, comes Allstate Insurance Company ("Allstate"), which in answer to the Plaintiff's Complaint and with respect represents:

1.

The allegations of Paragraph 1 are denied, except to admit the status of Defendant, as a foreign insurance company authorized to do and doing business in the State of Louisiana who is incorporated in and with its principal place of business in the State of Illinois.

2.

The allegations of Paragraph 2 are denied except to admit the hurricane event.

3.

The allegations of Paragraph 3 is denied.

4.

The allegations of Paragraph 4 denied.

5.

The allegations of Paragraph 5 are denied.

6.

The allegations of Paragraph 6 are denied.

7.

The allegations of Paragraph 7 are denied as written except to admit Allstate issued a policy to plaintiff and that the existence of a policy of insurance issued by Defendant herein is the best evidence of its terms and limitations and is pled herein as if copied in extenso.

8.

The allegations of Paragraph 8 are denied.

9.

The allegations of Paragraph 9 are denied.

10.

The allegations of Paragraph 10 are denied.

11.

The allegations of Paragraph 11 are denied.

12.

The allegations of Paragraph 12 are denied as written except to admit Allstate issued a policy to plaintiff and that the existence of a policy of insurance issued by Defendant herein is the best evidence of its terms and limitations and is pled herein as if copied in extenso.

13.

Defendant requests for trial by jury.

**DEFENSES**

**DEFENSE**

Plaintiff failed to state a claim upon which relief can be granted on certain claims.

**DEFENSE**

Plaintiff's claims are barred by his failure to mitigate, minimize, or avoid the damages and losses alleged.

**DEFENSE**

Plaintiff's claims may be barred, in whole or in part, by the equitable doctrines of waiver, estoppel, *res judicata*, laches, and/or unclean hands.

**DEFENSE**

Plaintiff's claims are all subject to all terms, conditions, exclusions, deductibles and endorsements of their homeowners policy as set forth in the policy, and any policy issued by Allstate is the best evidence of its terms and limitations and is pled herein as if copied *in extenso*.

**DEFENSE**

Plaintiff is responsible for reading his policy, as well as any renewal notices, and is presumed to know the provisions of the policy, including the insurer's limits of liability, and may not avail himself of ignorance of the policy or law.

**DEFENSE**

Plaintiff's claims are subject to credit for any payments received from Defendant.

**DEFENSE**

Plaintiff's claims are barred in whole, or in part, by the doctrines of waiver, payment, estoppel, and set-off.  Plaintiff's claims are also barred in whole, or in part, by his own judicial admissions.

**DEFENSE**

Plaintiff's policy specifically excludes coverage for loss caused by "[e]nforcement of any building codes, ordinances or laws regulating the construction, reconstruction, maintenance,

repair, placement or demolition of any building structure, other structure or land at the residence premises."

### DEFENSE

Plaintiff's policy specifically excludes coverage for loss caused by "[t]he failure of the insured person to take all reasonable steps to preserve property when the property is endangered by a cause of loss we cover."

### DEFENSE

Plaintiff's policy specifically excludes coverage for loss caused by "(a) wear and tear, aging, marring, scratching, deterioration, inherent vice, or latent defect; (b) mechanical breakdown; . . . (d) rust or other corrosion; (e) settling, cracking, shrinking, bulging or expansion of pavements, patios, foundations, walls, floors, roofs or ceilings . . . ."

### DEFENSE

Plaintiff's policy specifically excludes coverage for loss caused by faulty, inadequate or defective: (a) planning, zoning, development, surveying, siting; (b) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; (c) materials used in repair, construction, renovation or remodeling; or (d) maintenance of property whether on or off the residence premises by any person or organization.

### DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that Plaintiffs have already been fully compensated for all covered losses through payment of his claims.

### DEFENSE

Allstate denies that it acted arbitrarily, capriciously, or without probable cause, and denies that it violated any of the statutory provisions pled by Plaintiff, including La. Rev. Stat §§

22:1892 and 22:1973. Allstate further avers that at all times pertinent hereto, it acted in good faith and in compliance with all applicable statutory law.

**DEFENSE**

Plaintiff's recovery under the policy is limited to the applicable policy limits reflected on the declarations page of that policy and conditions.

**DEFENSE**

Plaintiff has no right of action nor cause of action for claims under the Louisiana Unfair Trade Practices Act, La.R.S. 51:1401 et seq. ("LUPTA").

**DEFENSE**

To the extent that monies recoverable under Plaintiff's policy are payable to a mortgagee or other third party, Defendant is entitled to a set-off for any amounts paid to the mortgagee or third party, and is entitled to fully or partially satisfy any judgment that may be entered herein by payment to the mortgagee or third party, to the extent of the mortgagee's or third party's interest.

**DEFENSE**

Plaintiff's claims are preempted or barred in whole or in part.

**DEFENSE**

Plaintiff's claims of bad faith are barred, in whole or in part, by the United States Constitution, including, but not limited to the substantive and procedural guarantees of the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution, the Supremacy Clause, the Impairment of Contract Clause, the Takings Clause of the Fifth Amendment, the Equal Protection Clause and the Commerce Clause, and by the Louisiana Constitution.

**DEFENSE**

Granting the relief sought by Plaintiff would unjustly enrich Plaintiffs.

**DEFENSE**

Plaintiff's policy contains provisions requiring assistance and cooperation on behalf of the insured. To the extent that Plaintiffs breached these provisions, any alleged coverage is precluded under the policy, and the policy is plead herein as if copied in full.

**DEFENSE**

Plaintiff has no right to recover penalties, attorneys' fees, and/or costs, and in any event under La. Rev. Stat. §22:1892.

**DEFENSE**

Defendant avers all applicable federal and state prescriptive and/or peremptive statutory time limitations as a bar to any recovery of Plaintiff herein.

**DEFENSE**

Any potential damages awarded for physical damage to Plaintiff's structure, personal property, and contents are limited to the difference between the pre-loss value of Plaintiff's structure, personal property, and contents, and the post-loss value of Plaintiff's structure, personal property, and contents, less any payments that are received under any other insurance policies or from any other source for damage to Plaintiff's structure, personal property, and contents.

**DEFENSE**

The comparative fault and/or negligence of Plaintiff, including the failure to review the terms of coverage, the failure to properly communicate with the insurance agent and/or any mortgagees, and the failure to act as a prudent person under the circumstances, diminishes or bars Plaintiffs' recovery herein.

**DEFENSE**

Defendant contends that there is no cause of action for the claims asserted herein; however, should this Court find any negligence and/or fault on the part of Defendant, which is specifically denied, then Defendant avers that the limitations set forth in Louisiana law, specifically that each party cannot be liable for more than any degree of fault assessed to each party and that each party cannot be solitarily liable with the other party or non-party, apply here.

**DEFENSE**

Defendant specifically denies that it breached any duty to Plaintiff with respect to the procurement and/or maintenance of Plaintiff's policy.

**DEFENSE**

Defendant denies that it breached its contractual or statutory duties to Plaintiff; however, should Plaintiff establish a breach of contract and/or violation of statutory duties, Plaintiffs have not suffered any real damages as a result of said breach and/or violation of statutory duties.

**DEFENSE**

Defendant asserts that Plaintiff is not entitled to additional living expenses under his policy, as plaintiffs have been compensated for additional living expenses.

**DEFENSE**

Defendant owes no damages to Plaintiff to the extent that Plaintiff has violated and consequently voided coverages that might have been afforded by virtue of the following:

    a.    Refusing or failing to provide satisfactory proof of loss;

    b.    Refusing to provide information that has been specifically requested;

    c.    Failing to cooperate with the adjuster and claims representative in the investigation of the claims; and

    d.  Any other circumstances discovered between now and the trial of this matter.

## DEFENSE

To the extent that the damages sought by Plaintiff was caused in whole, or in part, by a covered peril, and any other insurance provides coverage for that covered peril, then the policy only requires Defendant to pay the proportionate amount that this insurance bears to the total amount of all applicable insurance.

## DEFENSE

To the extent that the damages sought by Plaintiff were caused in whole, or in part, by a covered peril, and any other insurance provides coverage for that covered peril, Defendant is entitled to credit and/or set-off for any payments made to Plaintiffs under that other insurance coverage for the same loss at issue here in accordance with the terms of the policy.

## DEFENSE

Plaintiff's claims are barred in whole or in part by the absence of any material misrepresentations, misleading disclosures, or omissions made by Defendant, or anyone acting on Defendant's behalf, to Plaintiff upon which Plaintiff could have reasonably or justifiably relied.

## DEFENSE

Without waiving any of the defenses elsewhere asserted herein, any allegation contained in Plaintiffs' petition which has not been specifically admitted is hereby denied.

## DEFENSE

Defendant gives notice that it intends to invoke any other defense that may become available or appear during the subsequent proceedings in this case and hereby reserves the right to amend this response to assert any such defense.

## **DEFENSE**

Defendant is to be afforded the opportunity to assess all claims of damage asserted by plaintiff including fact basis for the nature and extent of damages claimed.

WHEREFORE, Defendant prays that this Answer be deemed good and sufficient and after legal delays and due proceedings had, there be judgment herein in favor of Defendant and against Plaintiff, all at Plaintiff's costs. It is further prayed for trial by jury and all general and equitable relief afforded under the law.

Respectfully submitted,

/s/ James L. Donovan, Jr.
JAMES L. DONOVAN, JR. (1337)
DONOVAN & LAWLER, APLC
4640 Rye Street
Metairie, LA 70006
Telephone: (504) 454-6808
Facsimile: (504) 887-5885
Email: jdonovan@donovanlawler.com
Attorney for Defendant

### CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing all counsel.

/s/ James L. Donovan, Jr.